## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RICK and VANNA LY, BOBBAY | § | PLAINTIFFS |
| INVESTMENT COMPANY, LLC d/b/a | § | |
| BILOXI HOWARD JOHNSON and | § | |
| BILOXI BEST, LLC d/b/a BILOXI | § | |
| HOLIDAY INN | § | |
| | § | |
| v. | § | 1:06CV1133-LG-JMR |
| | § | |
| IDC CONSTRUCTION, LLC | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

BEFORE THE COURT is the Motion of the Plaintiffs to Remand this cause pursuant to

28 U.S.C. § 1447(c).  This civil action was originally filed in the Chancery Court of Harrison

County, Mississippi.  The complaint alleges that Plaintiffs were fraudulently induced to enter

into certain demolition contracts with the Defendant.  Plaintiffs seek damages for "extreme

emotional distress."  Additionally, Plaintiffs seek recision of the contracts and, alternatively

request that the contract arbitration provisions be declared unenforceable.  The case was

removed by the Defendant alleging diversity jurisdiction under 28 U.S.C. § 1332.  The parties

agree that this case involves a controversy between citizens of different states.  However, they

do not agree that the matter in controversy exceeds the sum of $75,000.

### FACTS

On August 29, 2005, Hurricane Katrina decimated the Mississippi Gulf Coast.  The

Plaintiffs' home, the Howard Johnson hotel and the Holiday Inn sustained severe wind and

water damage during the storm.  According to the complaint, the Plaintiffs entered into three

separate demolition and debris removal contracts with the Defendant, IDC Construction, LLC.

Copies of each of the contracts were attached to the complaint.  Within each of these contracts

is an arbitration provision.  On October 17, 2005, IDC submitted three separate invoices for

work performed pursuant to the contracts.  Copies of the invoices were also attached to the

complaint.  When Plaintiffs did not pay the invoices Defendant filed construction liens under

MISS. CODE ANN. § 85-7-133.

On October 17, 2006, Plaintiffs filed a complaint in the Chancery Court of Harrison

County, Mississippi.  They seek rescission of the three contracts.  Alternatively, they request

that the Court declare that the arbitration provisions contained in each of the contracts is

unenforceable.  Finally, the complaint seeks damages for intentional infliction of emotional

distress.  The *ad damnum* does not specify the sum of damages the Plaintiffs seek.  Instead,

Plaintiffs request "specific relief and... such other general relief they may be entitled to under

law and equity."  *See* Complaint, at 7.

DISCUSSION

When a complaint fails to specify an amount of damages, the removing party must

prove by a preponderance of the evidence that the amount in controversy exceeds the requisite

jurisdictional amount.  *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993).  The removing

parties burden may be fulfilled in one of two ways.  First, if it is "facially apparent" from the

plaintiffs' complaint that their claims are likely to exceed the jurisdictional amount.  Second, if

the value of the plaintiffs' claims is not apparent, then the removing party may support federal

jurisdiction by setting forth facts, either in the petition for removal or by affidavit, that support

a finding of jurisdictional amount.  *Garcia v. Koch Oil Co. Of Texas,* 351 F.3d 636, 638-39 (5th

Cir. 2003).  In the opinion of the Court, it is facially apparent from the allegations in the

complaint that the amount in controversy exceeds $75,000.

Plaintiffs seek to rescind three demolition and debris removal contracts.  According to

the documents attached to Plaintiffs' complaint, the amount allegedly owed on these contracts

exceeds $800,000.  *See* Complaint, Exhibits A-F.  Plaintiffs contend that since they do not seek

money damages, but only a judgment declaring the contracts void, the Defendant is unable to

prove that the Plaintiffs' claims exceed $75,000.[1]  Plaintiffs' argument is not persuasive.  The

amount in controversy is based upon the pecuniary consequences to those involved in the

litigation.  *Duberwicz v. Sweetwater Sav. Ass'n.,* 595 F.2d 1008, 1014 (5th Cir. 1979); *Roberts v.*

*Chandaleur Homes Inc.,* 237 F.Supp.2d 696, 698-99 (S.D. Miss. 2002)("In their complaint,

plaintiffs seek to rescind a contract which barring rescission, would require them to pay in

excess of $120,000 to defendants.  If the rescission sought by plaintiffs is granted, then the

'pecuniary consequence to those involved in the litigation' of such rescission would be well in

excess of $75,000"); *see also Rosen v. Chrysler Corp.,* 205 F.3d 918 (6th Cir. 2000)("where a

plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in

controversy").  If the Plaintiffs succeed in rescinding the demolition and debris removal

---

[1]The Plaintiffs' argument is summarized in the Motion to Remand as follows:
Plaintiffs' claims herein are not a suit to bring Judgment against Defendant for sums
that may be owed to the Defendant but are strictly sums the Defendant claims the
Plaintiffs owe and the Plaintiffs claim that the underlying contracts, which gives rise to
any alleged cause of action by the Defendant, are void *ab initio* as set out in the suit to
declare the contract null and void as alleged.  Clearly the Defendant herein has failed to
prove by a preponderance of the evidence that any of the Plaintiffs' claims exceed the
jurisdictional sum of $75,000.00 as required by Federal Statute.  *See* Motion to
Remand, at 4.

contracts, they will avoid a "pecuniary consequence" far in excess of $75,000.  Moreover,

Plaintiffs alternatively seek to declare the arbitration provisions of these contracts

unenforceable.  In other words, Plaintiffs seek to avoid future arbitration proceedings in which

the amount at stake will exceed $75,000.  *See Webb v. Investacorp , Inc.* 89 F.3d 252 (5th Cir.

1996)(holding that the district court properly looked to the amount of Investacorp's claim in

the underlying arbitration to determine the amount in controversy in an action for declaratory

relief).  In the opinion of the Court, the requisite jurisdictional amount is apparent from the

face of the complaint and the attached exhibits.

  **IT IS THEREFORE ORDERED AND ADJUDGED,** that Plaintiffs' Motion to

Remand [7] the above styled and numbered cause, filed November 30, 2006, should be, and

is, hereby **DENIED.**

  **IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1

(B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT

OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify

the magistrate judge of this order and shall promptly submit an order lifting the stay entered in

this matter on December 15, 2006.

  **SO ORDERED AND ADJUDGED** this the 12th day of January, 2007.

       s/ *Louis Guirola, Jr.*
       LOUIS GUIROLA, JR.
       UNITED STATES DISTRICT JUDGE